**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**WATERTOWN DIVISION**

| | | |
|---|---|---|
| CAROLYN PARKER | ) | Case No. _7:10-CV-1282_ |
| | ) | (TJM/ATB) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| SRS & ASSOCIATES, INC. | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendant transacts business in this State and this district.

## PARTIES

4.      Plaintiff, Carolyn Parker ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of Saint Lawrence, and City of Ogdensburg.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, SRS & Associates, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

8.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.      Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.      Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12.      Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from

Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13.     Defendant repeatedly contacted Plaintiff at her place of employment after being informed that such calls were inconvenient to Plaintiff and violated the policy of Plaintiff's employer.

14.     On July 21, 2010, Plaintiff faxed a written correspondence to the defendant, which defendant acknowledged receiving, which instructed Defendant not to make any further collection calls to her place of employment.

15.     Defendant continued to call her at work subsequent to receiving the fax. (§ 1692c(a)(1)(3)).

16.     Defendant communicated with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refused to pay the debt.

17.     On July 22, 2010, Plaintiff sent a written correspondence to the defendant via certified mail which informed the Defendant that she was refusing to pay the debt in question and requested that they cease all further telephone communications with her.

18.     Defendant continued to call Plaintiff in an attempt to collect the debt subsequent to receiving Plaintiff's letter.  (§ 1692c(c)).

19.     Defendant falsely represented the character, amount, or legal status of Plaintiff's debt.

20.     Defendant has insisted that Plaintiff owes a debt that she does not, in fact, owe, despite the fact that she has repeatedly informed them verbally, and sent them written proof that the debt had already been paid.

21.     Defendant is essentially claiming that although Plaintiff has paid the underlying debt, she owes additional NSF fees despite the fact that the previous debt collection company that Plaintiff had been dealing with her confirmed in writing that the debt had been paid in full. (§ 1692e(2)(A)).

22.     Defendant threatened to take an action against Plaintiff that could not be legally taken or that was not actually intended to be taken, including threatening to file suit against Plaintiff on the very next day if she failed to call back or have her attorney call them prior to that time.

23.     On August 26th, Defendant's collector, James Andrews, told Plaintiff that if she didn't call back or have her attorney call them by tomorrow they would be filing a lawsuit against her.  (§ 1692e(5)).

24.     Defendant placed non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or artificial and/or prerecorded voice.  (47 U.S.C. 227(b)(1)(A)(iii).

25.     Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

26.     Plaintiff repeats and re-alleges each and every allegation contained above.

27.     Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)   Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

28.     Plaintiff repeats and re-alleges each and every allegation contained above.

29.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated  47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

30.    Plaintiff is entitled to and hereby demands a trial by jury.


This 26th day of October, 2010.


ATTORNEYS FOR PLAINTIFF
*Carolyn Parker*

Respectfully submitted,


<u>s/Dennis R. Kurz</u>
Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
300 International Drive, Suite 100
Williamsville
 Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com


***Please send correspondence to the address below***

Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012

*Complaint*
*Page 6 of 6*