UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CAROLYN PARKER,

                            Plaintiff,

      v.                                                7:10-CV-1282

SRS & ASSOCIATES, INC.,

                            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

       Plaintiff commenced the instant action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.  The Complaint alleges that Defendant repeatedly contacted Plaintiff at her place of employment after being informed in writing that such calls were inconvenient and violated her employer's policies.  It is also claimed that Defendant falsely represented the character, amount, or legal status of any claimed debt, wrongfully threatened legal action, and wrongfully used an automatic telephone dialing system.

       Plaintiff commenced this action in October 2010.  The record evidences that Defendant was properly served copies of the summons and Complaint.  To date, Defendant has failed to timely file an Answer or otherwise appear in this matter.  The Clerk entered default on January 12, 2011.  Accordingly, the motion for a default judgment is properly before the Court.

Defendant's failure to appear constitutes an admission of all well-pleaded allegations in the Complaint. H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006). "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages. . . .  Damages, which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).

Based on the default, Defendant admits that, at all time relevant hereto: (1) because Plaintiff had already paid the amount claimed to be owed, it falsely represented the character, amount, or legal status of any alleged debt (in violation of 15 U.S.C. § 1692e(1)); and (2) it contacted Plaintiff at her place of employment knowing (or having reason to know) that the employer prohibited Plaintiff from receiving such communications (in violation of 15 U.S.C. § 1692c(a)(3)).

Plaintiff seeks damages in the amount of $4,381.50, which is comprised of $1,000 in statutory damages, 15 U.S.C. § 1692k(a)(2)(A), and $2,956.50 in attorneys' fees.  Section 1692k allows statutory damages of up to $1,000, the costs of the action, and reasonable attorney's fees.  The Court finds that an award of $1,000 and the costs of this action are proper.  While Plaintiff is entitled to an award of attorney's fees, she has submitted nothing substantiating the amount of attorney fees claimed.

Accordingly, on or before February 22, 2011, Plaintiff shall file with the Court, and serve on Defendants, affidavits and/or other evidence, admissible in form, substantiating the

claim for attorneys' fees.  Defendant shall then have until March 1, 2011 to file opposition papers.

For the foregoing reasons, Plaintiff's motion for default is GRANTED ON THE ISSUE OF LIABILITY.  The Court will reserve decision on the issue of damages until the parties have had an opportunity to be heard on that issue.

IT IS SO ORDERED.

Dated: February 3, 2011

_____
Thomas J. McAvoy
Senior, U.S. District Judge